UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | MISC. NO. 3:17mj198<br><br>**Filed Under Seal** SHARON L. OVINGTON |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require AT&T, a cellular service provider, located in North Palm Beach, Florida, to disclose certain records and other information pertaining to the telephone number 513-628-9364 as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. AT&T is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require AT&T to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

      3.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

      4.      The United States is investigating individuals for retaliating against a federal informant who provided information to law enforcement concerning a local business engaged in wire and mail fraud. The investigation concerns possible violations of, inter alia, 18 U.S.C. § 1513(b)(2).

      5.      During early 2017, the United States advised Steve Rauch, a local businessman, of an active investigation against him for, among other things, mail and wire fraud. After doing so, the United States and agents of the FBI engaged in discussions with Rauch's counsel concerning the case against their client. During these discussions, agents played a series of audio recordings concerning Rauch's fraudulent activities, including one of which an FBI informant had participated. Several days after these disclosures, the FBI informant received several hang up calls from a number that returned to a Rauch business. Soon thereafter, the FBI informant returned to his business to find that someone had vandalized it. Based on this chain of events, the FBI has concern that Rauch may have directed an associate of his to retaliate against the

informant. The number for which the United States seeks information belongs to an associate of Rauch.

## REQUEST FOR ORDER

6. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that AT&T be directed to produce all items described in Part II of Attachment A to the proposed Order.

7. The United States further requests that the Order require AT&T not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. §

2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

8.  The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: May 1, 2017

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

s/Brent G. Tabacchi
BRENT G. TABACCHI (6276029 IL)
Assistant United States Attorneys
Attorneys for Plaintiff
602 Federal Building
200 West Second Street
Dayton, OH 45402
Telephone: (937) 225-2910
Fax: (937) 225-2564

ATTACHMENT A

I. The Account(s)

The Order applies to certain records and information associated with the following AT&T cellular telephone – namely, cellular telephone 513-628-9364 subscribed to in the name of Marcus Harris.

II. Records and Other Information to Be Disclosed

AT&T is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period of January 1, 2017 to the present:

    A. The following information about the customers or subscribers of the Account:

        1. Names (including subscriber names, user names, and screen names);
        2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        3. Local and long distance telephone connection records;
        4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        5. Length of service (including start date) and types of service utilized;
        6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
        7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
        8. Means and source of payment for such service (including any credit card or bank account number) and billing records.
        9. Historical location information, known as NELOS, for the time frame 3/6/2017 through 3/20/2017

B. All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

3. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.